UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
JAMES CALHOUN COLGAN,                         )
                                              )
Plaintiff,                                    )        CA: 14 -740 (TSC)
                                              )
        v.                                    )
                                              )
DEPARTMENT OF JUSTICE,                        )
                                              )
Defendant.                                    )
                                              )
_____)

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's Minute Order of January 14, 2015, the parties respectfully submit this status report.

The instant matter pertains to a Freedom of Information Act (FOIA) request submitted to the Federal Bureau of Investigation requesting thirty categories of records alleged to pertain to the FBI's processing of FOIA and Privacy Act requests.  The parties were directed to "submit a joint status report addressing the status of the FBI's processing of these documents.  In that status report the FBI shall confirm it has completed a search for all requested records and the parties shall, if necessary, propose a schedule for the submission of briefs on the adequacy and completeness of the FBI's search."

**FBI reports as follows:**

**A.  The status of the FBI's search for and processing of documents is as follows:**

1.  For the following items, the FBI conducted a search and found no records:

Items 1, 2, 15, 17, 18, 19, 20, 23, 24, 27, 28 and 30.  There were no records found. Plaintiff was informed of such in a letter dated 4/3/14.

2.  For Items 7 and 29, also no records were found and Plaintiff was informed of such in a letter dated 1/9/15.

3.  The following items were released to Plaintiff on a CD on 5/27/14, total of 1084 pages.

> Item #3 re: FBI Foreign Government Information Classification Guide (G-1 Guide), FBI Automatic Declassification Guide

> Item 4 re: FIDS FOIA Buzz

> Item 5 re: Fee Coordinator List

> Item 16 re: FBI FOIA Logs.

4.  For the following items, the FBI sent a letter asking for more information from plaintiff and plaintiff failed to respond within 30 days:

> Items 8, item 9 part 2, item 10 and 21.  By letter dated September 19, 2014 the FBI informed plaintiff that it needed more information such as, date range etc, because these requests were too broad and vague. Plaintiff did not respond within the 30 days of the letter. No further actions were taken.

5.  The following items were released to plaintiff on 1/9/15 (154 pages reviewed; 113 pages released)

> Item 3 re: (FBI National Security Information Security Classification Guide, FBI Vulnerability Assessment Security Classification Guide, FBI Security Division Continuity of Operations Security Classification Guide, FBI information Assurance Section Guide)

> Item 6 re: (ECF Searching)

> Item 11 re:  (Estimated Date of Completion for a FOIA request).

6.  The following items were also released to plaintiff on 1/9/15 (1010 pages of pre-processed material released):

> Item 16 re: FBI FOIA Logs 2012 & 2013.

7.  The following items are currently being processed which are in total 3473 pages:

      Item 3 re:  (FBI Technical Surveillance Countermeasures Security Classification Guide)

      Item 12 re: (Training material on search skills, declassification, FOIA processing, FOIA litigation)

      Item 13 re: (Training for new FOIA specialists and refreshers for all FOIA processing teams)

      Item 14 re: (Copy of 20 oldest still pending FOIA request)

      Item 25 re: (Records explaining/defining specific types of files)

      Item 26 re: (Records explaining what is meant by special file room)

8.  For item number 22, plaintiff was provided with a link to the Federal Register describing the systems of records.

9.  Also please note that Items 3 and 9 were divided up into sub-parts.  Two parts of item 3 have been released as is reflected in paragraphs 3 and 5, above.  The remaining part is being processed as is reflected in paragraph 7, above.  For item 9,  part 1  includes : "for each of the following systems of records in the following list, provide a screenshot/printout of any computer search screen . . . that can be used to search one or more of the following systems of records."   Plaintiff was notified that this part of request 9 does not comply with FOIA and therefore, no further action was taken. For item 9 part 2 FBI asked for more information and plaintiff failed to respond.

      Based on the above, FBI currently believes that it has completed a search for all items for which a search is required.  Defendant requests that the Court defer any decision on Plaintiff's apparent contention that FBI has not conducted an adequate search until after Defendant has had an opportunity to brief the issue of the adequacy of its search in its dispositive motion.

Defendant requests that its dispositive motion, to include the adequacy of the search and justification of any exemptions taken, be due after it has completed the processing of the Plaintiff's FOIA request.  Plaintiff's request that Defendant be required to brief the adequacy of its search on or before February 25, 2015, would result in a premature briefing of matters that may well be settled between the parties without unneeded expenditure of the parties' and the Court's resources.  For example, Plaintiff's response in this status report is the first notification to Defendant that it may have overlooked searching for 2009- 2011, and 2014 FOIA logs for category 16.  Additionally, Plaintiff had not responded to Defendant's letters advising that it needed more detailed information to search for certain items. But Plaintiff on February 4, 2015 made its first response to Defendant's September 2014 letter (see ¶ numbered 4, above). Plaintiff stated that he had not received the letter and asked for a copy, and then later inquired what additional information the FBI would need to in order to be able to process items 8, 9 (part 2), 10, and 21.  The FBI is certainly willing to voluntarily reopen its search if it has inadvertently overlooked portions of some of the voluminous categories in the FOIA request, and/or if Plaintiff is willing to enter into a dialogue and submit additional details that would enable the FBI's search for other items in question.

**B.  Status of refund:**

On or about January 28, 2015 a refund of the $280 search fee paid by Plaintiff was submitted to Plaintiff.

**C. Completion of processing:**

In the last status report Defendant stated its intent to process 500 pages of documents  per month as is the Defendant's Records Office's normal practice is to review/process 500 pages per month for any particular individual's request.   (That does not indicate that 500 pages will be

released to Plaintiff). It anticipated that the  first interim release should be released  to Plaintiff on or about January 9th and 500 pages  reviewed/processed per month after that.

Plaintiff contended that "review/processing of thousands of pages per month by the FBI is not unusual when FOIA matters have reached litigation"  and requested that the FBI review/process 1,500 pages per month citing to *CREW v. U.S. Dep't of Justice*, Case No. 1:13-cv-1159-GK (D.D.C. Feb. 4, 2014) [ECF: dkt 12] ("ORDERED, that the FBI is to process, at a minimum, 1,500 pages of responsive records per month.")  But, the situation in that case was not "usual."  Unlike the Plaintiff in this matter, CREW's FOIA request  had asked for  expeditious processing  claiming

> (1) an  urgency to inform the public about the source and funding of and legal rationale for the FBI's use of drones to conduct domestic surveillance, and (2) widespread and exceptional media interest in this matter and the questions that have been raised about the FBI's use of drones to conduct domestic surveillance.

*Id.* ECF 11 at 2.  Plaintiff in this matter has not established any urgency for the information asked for in its FOIA request concerning  FOIA practice and policy..

Although processing of FOIA requests in litigation is prioritized by the FBI, the current 500 pages per month rate of processing comports with FBI work-flow policy designed to provide equitable treatment to all FOIA requesters given the FBI's large volume of FOIA requests, litigations, and finite resources. See the attached declaration for further explanation.  Hardy Dec ¶¶ 32-38.

**Plaintiff responds to the FBI's report as follows:**

The Court ordered the parties to "submit a joint status report addressing the status of the FBI's processing of these documents.  In that status report the FBI shall confirm it has completed a search for all requested records and the parties shall, if necessary, propose a schedule for the submission of briefs on the adequacy and completeness of the FBI's search."

The FBI has now addressed the status of its processing of each request. The status report, however, does not confirm that the FBI has completed a search for all requested records. Rather, the FBI indicates that it did not conduct any search at all for Items 8, item 9 part 2, item 10 and 21 because it believed the requests were too broad or vague. Further, the FBI indicates that it did not conduct any search for Item 9 part 1 because it did not believe the request to be a valid FOIA request. Finally, the FBI indicates that with respect to Item 16, it released only previously processed records (FOIA logs for 2012 and 2013). Item 16 requested FOIA logs beginning in 2009, and the FBI has apparently not yet conducted a search for 2009, 2010, 2011, and 2014 FOIA logs.

The FBI has also not proposed a schedule for the submission of briefs on the adequacy and completeness of its search. Plaintiff proposes the following schedule:

- Defendant's Motion for summary judgment (as to adequacy of search) due 2/25/15

- Plaintiff's Opposition to Motion for summary judgment and cross-Motion for summary judgment (as to adequacy of search) due 3/25/15

- Defendant's Reply and Opposition to cross-Motion for summary judgment due April 8, 2015

- Plaintiff's Reply due April 22, 2015

The briefing would include the issue of whether the FBI had an obligation to conduct any search at all for items 8, 9 (parts 1 and 2), 10, and 21.

Respectfully submitted,

RONALD C. MACHEN Jr., D.C. Bar #447889
United States Attorney

6

DANIEL F. VAN HORN
D.C. Bar # 924092
Civil Chief

By:  /s/ Rhonda C. Fields
       RHONDA C. FIELDS
       Assistant United States Attorney
       Civil Division
       555 Fourth Street, N.W.
       Washington, D.C.  20530
       202/252/2555
       Fax:   202/252/2599
       rhonda.fields@usdoj.gov

Counsel for Defendant

By:  /s/ Jeffrey L. Light
       Jeffrey L. Light
       1712 Eye St., NW, Suite 915
       Washington, D.C.  20006
       202-277-6213
       Jeffrey.Light@yahoo.com

Counsel for Plaintiff